IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHARLES LAMONT TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF CHARLESTON; CHARLESTON COUNTY SHERIFF'S OFFICE; J. AL CANNON, JR., in his official capacity as Sheriff of Charleston County; CHARLESTON COUNTY DETENTION CENTER; MITCH LUCAS, in his official capacity as Administrator of the Charleston County Detention Center; K.S. HARVEY, in his individual capacity; J. COTTONE, in his individual capacity,<br><br>    Defendants. | C/A. No.:  2:11-cv-00660-CWH<br><br>**ANSWER**<br><br>**(JURY TRIAL DEMANDED)** |

Come now the defendants, above named, and hereby answer the Plaintiff's Complaint to wit:

**FOR A FIRST DEFENSE**
**(Qualified General Denial)**

**All specially not admitted herein should be deemed denied.**

1.    Lack knowledge or infromation.

2.    Admit.

3.    Deny.  The sheriff's office and detention cneter are under the control of the sheriff who is an elected state official.

4.    Admit.

1

2

5.  Admit.

6.  Deny as he is a deputy. Admit the remainder of the paragraph.

7.  Admit that Cottone is a civilian classification officer employed by the sheriff's office and works at the detention center.

8.  Requires no response.

9.  Calls for legal conclusions requiring no response.

10. Calls for legal conclusions requiring no response.

11. Lack knowledge or information.

12. Lack knowledge or information.

13. Lack knowledge or information.

14. Lack knowledge or information.

15. Lack knowledge or information.

16. Admit that Harvey conducted at traffic stop.

17. Deny.

18. Admit that the computer indicated that there was a warrant and that the issuing agency verified and requested extradition.

19. Admit as to name and address, warrant attached to complaint was unclear as to remainder

20. Admit.

21. Deny.

22. Admit as to first sentence only. The remainder of the paragraph is denied.

23. Deny.

24. Deny.

25. Deny.

2

26. Admit.

27. Admit.

28. Deny.

29. Deny.

30. Admit

31. Deny. Charleston County Sheriff's Office deputies presented the plaintiff as the plaintiff.

32. Lack knowledge or information.

33. Upon information and belief, admit.

34. Lack knowledge or information.

35. Lack knowledge or information.

36. Lack knowledge or information.

37. Lack knowledge or information.

38. Deny.

39. Lack knowledge or information.

40. Lack knowledge or information.

41. Lack knowledge or information.

42. Lack knowledge or information.

43. Requires no response.

44. Admit.

45. Deny including subparts.

46. Deny.

47. Deny.

48. Requires no response.

49. Admit.

50. Deny including subparts.

51. Deny.

52. Requires no response.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Requires no response.

58. Calls for legal conclusions requiring no response.

59. Deny including subparts

60. Deny.

61. Deny.

### FOR A SECOND DEFENSE
### (Qualified Immunity)

62. The actions/inactions and conduct of the defendant, to the extent they actually occurred, were objectively reasonable under the circumstances of which it was aware.  Its actions did not violate any clearly established constitutional, federal or statutory right of which a reasonable official should have known, and they are entitled to qualified immunity therefore.

### FOR A THIRD DEFENSE
### (Sole Negligence/Comparative Negligence)

63. Defendant asserts that the plaintiff is solely negligent for his suffering and injuries or in the alternative is comparatively negligent.

## FOR A FOURTH DEFENSE
### (Rules 8 and 12)

64.     Plaintiff has failed to state a cause of action for which relief can be granted.  Further, this Complaint should be dismissed for all applicable reasons in accordance with Rule 12 and Rule 8 of the Federal Rules of Civil Procedure.

## FOR A FIFTH DEFENSE
### (Waiver, *Estoppel*, Laches, Acquiescence, Stale Demand, Statute of Limitations, No Proximate Cause)

65.     Plaintiff's claims are barred, in whole or in part, by the doctrines of *estoppel*, laches, waiver, acquiescence, stale demand, statute of limitations, and the acts of the defendant was not the proximate cause of the injuries.

## FOR A SIXTH DEFENSE
### (Sovereign Immunity - Tort Claims Act)

66.     As to any violation of common law or state law, the defendant asserts the provisions of the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, et seq.

## FOR A SEVENTH DEFENSE
### (Punitives)

67.     Punitive damages are not recoverable against the answering defendants.

## FOR AN EIGHTH DEFENSE
### (Third Party Liability)

68.     The answering defendants assert that if anyone is liable to the plaintiff, all of which is specifically denied, it is another party/entity.

5

## FOR A NINTH DEFENSE
### (No Constitutional Violation)

69. The alleged actions/inactions claimed by the plaintiff did not rise to the level of a constitutional violation and the plaintiff did not suffer any infringement of constitutional and/or federal rights, privileges or immunities.

## FOR A TENTH DEFENSE
### (Absolute/Qualified/Quasi Judicial Immunity)

70. The answering defendants should be protected by and entitled to absolute, qualified and/or quasi judicial immunity.

## FOR AN ELEVENTH DEFENSE
### (Punitive Damages Unconstitutional)

71. The plaintiff is not entitled to an award of punitive damages against the defendants, as such would violate the defendants' Fifth, Sixth and Fourteenth Amendment constitutional rights.

## FOR A TWELFTH DEFENSE
### (Eleventh Amendment Immunity)

72. The Complaint, as drafted, sues the State of South Carolina through its agents. Plaintiff is prohibited from suing the defendants, as doing so would be equivalent of suing the State of South Carolina and in violation of the Eleventh Amendment to the United States Constitution.

Wherefore, having fully answered the Complaint, the answering Defendants hereby pray that the Complaint be dismissed with prejudice; that plaintiff be responsible for all costs associated with defending this action; and for all such further relief as this court deems just and proper. In addition, the defendants reserve the right to amend to allege additional affirmative defenses or other defenses as they become known throughout the course of discovery.

    s/Sandra J. Senn
Sandra J. Senn
Fed. I.D. No.: 5761
Senn, McDonald, & Leinbach, LLC
P.O. Box 12279
Charleston, SC 29422
(843) 556-4045

Attorney for Defendants

March 25, 2011

Charleston, South Carolina